### W. A. TENNEY ET AL. V. C. E. DISS.

[FILED MAY 6, 1891.]

**Attachment:** GROUNDS: EVIDENCE.   T. & Co. obtained an attachment against one D. upon a promissory note before the same was due, on the ground that he had fraudulently disposed of his property with intent to defraud his creditors and was about to dispose of his property with that object in view.   *Held,* That a clear preponderance of the evidence tended to show that the transaction was *bona fide* and not to defraud creditors.

ERROR to the district court for Otoe county.   Tried below before FIELD, J.

*John C. Watson,* for plaintiffs in error.

*M. L. Hayward, contra.*

No briefs filed.

MAXWELL, J.

In June, 1890, the plaintiffs brought an action in the district court of Otoe county against the defendant upon a promissory note for the sum of $790.70, due and payable August 1, 1890, with ten per cent interest.   The action was brought before the note was due, the ground therefor as alleged in

the petition being: "That said note was executed in part payment for boots and shoes ordered by the said Diss from these plaintiffs, and when said note was made the said C. E. Diss, defendant herein, was doing business in Nebraska City, Nebraska, as a retail boot and shoe dealer, but that since the execution of said note as aforesaid, and shortly prior to the commencement of this action, the said C. E. Diss, without the knowledge, consent, or concurrence of these plaintiffs, has made a pretended transfer of all of his said stock of boots and shoes located in Nebraska City, to one William Tuomey, but these defendants aver and allege that such sale was made fraudulently and without any consideration therefor, and with the intent to cheat and defraud these plaintiffs and others, the creditors of the said C. E. Diss, the defendants herein; wherefore these plaintiffs bring action upon the aforesaid note prior to its maturity, and ask that an order of attachment may be granted upon the grounds and for the reasons set forth in the affidavit or attachment filed herein."

In the affidavit it is alleged that the defendant has sold, conveyed, and otherwise disposed of his property with the fraudulent intent to cheat and defraud his creditors, and to hinder and delay this plaintiff and others, the creditors of said C. E. Diss, in the collection of their debts; that said defendant is about to remove the remainder of his property with the intent of cheating and defrauding his creditors, and is about to make a sale of his property and the remainder thereof with the intent to cheat and defraud his creditors; that the said C. E. Diss has pretended to sell his entire stock of boots and shoes in Nebraska City to one William Toumey."

No facts are stated on which the belief of the affiant is based.

An order allowing an attachment before the debt was due was allowed by the county judge. The defendant thereupon filed a motion to dissolve the attachment upon

various grounds, but one of which need be noticed, viz., that the charge was unfounded.

The testimony shows that the defendant executed three chattel mortgages upon his stock of goods the aggregate of which was about $2,600; that he was owing other debts and that his creditors were pressing him for payment; that thereupon he sold the entire stock, subject to the mortgages, to one William Toumey for about the sum of $1,400. This money, it is claimed, and the testimony tends to show, was applied by the defendant in the payment of his debts. It does clearly appear that the defendant is a *bona fide* purchaser of the goods in question and that there was no intent in purchasing said stock to defraud the creditors of the defendant.

The order discharging the attachment is sustained by the clear weight of the testimony, and is

AFFIRMED.

THE other judges concur.